NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted June 18, 2014*

Decided June 23, 2014

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1410

HEALIX INFUSION THERAPY, INCORPORATED,
 *Plaintiff-Appellant,*

*v.*

HHI INFUSION SERVICES, *et al.,*
 *Defendants-Appellees.*

Appeal from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

No. 10 C 3772
James B. Zagel, *Judge.*

## Order

  After we affirmed the district court's judgment, see 733 F.3d 700 (7th Cir. 2013), HHI Infusion Services, the prevailing party, asked the district court to award costs. It did. Healix Infusion Therapy has appealed. It does not contend that any of the district

---

\* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

court's award is unsupported by 28 U.S.C. §1920 or otherwise excessive. Instead its sole argument is that HHI's request was untimely.

Local Rule 54.1(a) of the Northern District of Illinois gives the prevailing party 30 days from "the entry of judgment allowing costs" to file a bill of costs. It adds that the court may extend the time on motion filed within those 30 days. HHI did not file a bill of costs within 30 days of the judgment. Nor did it ask for extra time. Instead it waited until this court had affirmed the district court's judgment, then sought costs as soon as our mandate returned the case to the district court.

Healix contended that the bill of costs was untimely. The district judge disagreed, stating that his regular practice is to postpone consideration of costs until any appeal had been completed. Healix nonetheless insists that, to take advantage of the district judge's practice, HHI needed to request more time by motion within the original 30 days.

But if such a motion would have been granted as a matter of course, where's the injury? A district court can enforce its rules meticulously but also has discretion to extend their deadlines, as the judge did here. See *Harmon v. OKI Systems*, 115 F.3d 477, 481 (7th Cir. 1997). If treating one side's notice of appeal as extending the other side's time to seek costs was an error, it was harmless—and harmless errors must be disregarded. Fed. R. Civ. P. 61. Healix has not identified any prejudice it suffered by the delay in awarding costs until after resolution of its appeal.

Moreover, Local Rule 54.1(a) starts the time with entry of a "judgment allowing costs." The judgment in this case did not speak to costs one way or the other. Silence about costs appears to be the way in which this judge implements his practice of deferral. A district court is entitled to treat a silent judgment as one allowing costs, given the presumption in Fed. R. Civ. P. 54(d)(1), and prudent counsel therefore will treat a silent judgment as starting the time to seek costs, but a particular judge may approach things otherwise, and a party who relies on that judge's practice ought not be penalized. Cf. Fed. R. Civ. P. 83(a)(2).

AFFIRMED